993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Jerome MALLERICH, Defendant-Appellant.
 No. 92-50019.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 11, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Jerome Mallerich appeals his conviction following a conditional guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a). Mallerich contends that the district court erred by denying his motion to suppress evidence because the police officers' use of force converted the investigatory stop into an arrest unsupported by probable cause. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's denial of a motion to suppress evidence. United States v. Flippin, 924 F.2d 163, 164 (9th Cir.1991). Similarly, we review de novo whether a detention amounted to an arrest or an investigatory stop. United States v. Harrington, 923 F.2d 1371, 1373 (9th Cir.), cert. denied, 112 S.Ct. 164 (1991). We review for clear error the district court's underlying factual findings. United States v. Prieto-Villa, 910 F.2d 601, 604 (9th Cir.1990).
 
 
 4
 "In determining whether an official detention has ripened into an arrest, we consider the 'totality of the circumstances.' " United States v. Del Vizo, 918 F.2d 821, 824 (9th Cir.1990) (quoting United States v. Baron, 860 F.2d 911, 914 (9th Cir.1988), cert. denied, 490 U.S. 1040 (1989). The use of force during an investigatory stop does not convert the stop into an arrest if the force was justified by concern for the safety of the officer or others. Harrington, 923 F.2d at 1373; United States v. Buffington, 815 F.2d 1292, 1300 (9th Cir.1987). The restriction of a defendant's liberty by the use of handcuffs during a stop is permissible so long as not excessive under the circumstances. United States v. Bautista, 684 F.2d 1286, 1289 (1982), cert. denied, 459 U.S. 1211 (1983).
 
 
 5
 Here, on June 24, 1991, at approximately 10:00 a.m., a white male entered the Hawthorne Savings and Loan Association and handed the teller a note which stated, "Money or I'll shoot." The teller handed the robber a total of $2,232 in unmarked bills, and the robber exited the bank. At approximately 10:04 a.m., San Clemente Police Detective John Kirby heard the police radio report regarding the robbery and headed in the direction of the bank, which was only nine blocks from the police station, in an unmarked car. En route to the bank, Kirby heard an additional dispatch report that described the suspect as a white male of medium build, 35 years of age, with very dark skin for a white subject and salt and pepper hair, and wearing a pink and blue flannel shirt, jeans, and dark shoes. The dispatch also reported that no vehicle was seen or heard and that although no weapon was seen, the suspect did threaten to shoot if money was not turned over.
 
 
 6
 Seven blocks from the bank, Kirby saw Mallerich driving a motorcycle toward the interstate highway. Mallerich fit the description of the robber except that he was wearing a dark shirt. Based upon his training, Kirby knew that fleeing criminals often change their clothing. Suspecting that Mallerich had committed the robbery, Kirby followed him and called for additional police assistance. Kirby observed that Mallerich continually turned his head to view the traffic behind him.
 
 
 7
 Two marked police cars arrived and the officers pulled Mallerich over onto the shoulder lane of the interstate highway, in the vicinity of working Cal-Trans employees. Kirby and the two officers drew their weapons, and ordered Mallerich to put his hands in the air, dismount the motorcycle, and kneel on the ground. Kirby handcuffed Mallerich and then helped him to his feet. Kirby conducted a pat-down frisk and found a folded piece of paper with the printed word "money" in Mallerich's rear pants pocket. Not finding a weapon, Kirby returned the piece of paper to Mallerich's pocket. Kirby felt a significant lump in Mallerich's front pants pocket and asked him what it was. Mallerich stated that the large lump was money. Kirby did not remove the money but observed that the shape and size of the lump was consistent with a large number of currency bills folded in half. Kirby then arrested Mallerich and placed him in one of the officer's cars.
 
 
 8
 Mallerich contends that because the officers approached him with drawn guns, ordered him to kneel down on his knees, and handcuffed him, the encounter constituted an arrest. We disagree.
 
 
 9
 The use of guns during the stop was justified based upon the officers' knowledge that Mallerich might be armed and their presence in a public area in close proximity to Cal-Trans employees as well as other drivers on the interstate highway. See Harrington, 923 F.2d at 1373 (aiming gun at defendant permissible during investigatory stop where, among other things, defendant matched description of armed bank robber); see also Buffington, 815 F.2d at 1300 (forcing defendant from car and making him lie down on wet pavement at gunpoint permissible during stop where defendant had a violent criminal history). Further, the use of handcuffs was not excessive; the handcuffs were used for a brief period and were necessary to protect the officers during the frisk of a suspected armed felon. See Bautista, 684 F.2d at 1289. Thus, the use of force and restraints did not convert the investigatory stop into a warrantless arrest.[1] Accordingly, the district court did not err by denying Mallerich's motion to suppress evidence. See Flippin, 924 F.2d at 164.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Based upon our holding that the use of force did not convert the stop into an arrest, we need not determine whether there was probable cause for the stop